## (March 24, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FERNANDO SERRANO, Appellant.

VALENTE, J. (dissenting). The question presented on this appeal is whether a judgment of conviction, entered upon a plea of guilty to murder, second degree, may stand, where the record shows that before taking the plea the court elicited information from defendant indicating that defendant's acts would not constitute the crime of murder, second degree, but would, at most, be consistent with a killing in the heat of passion or perhaps even justifiable homicide.

After four days had been spent selecting a jury in the trial of an indictment charging murder, first degree, defendant — at his request and on the consent of the Assistant District Attorney — was permitted to withdraw his plea of "not guilty" and to plead guilty to the crime of murder, second degree.

When the defendant offered to plead guilty, the court did not immediately accept the plea but elected to interrogate the defendant not only as to the circumstances of the plea but also as to the facts concerning the homicide itself. The defendant admitted he shot and killed Bonilla. However, the essential element of the crime of murder, second degree — the intent to kill — is not fairly deducible from the defendant's recitation of the circumstances of the killing, so far as he was permitted to recite them. Indeed, they are consistent with a lesser degree of crime or no crime at all.

The facts, as given by defendant and his counsel to the court at the time of the taking of the plea, and subsequently at the time of sentence, disclosed a strained relationship between the defendant and the deceased, Bonilla, stemming from the arrest and imprisonment of Bonilla's friend on a charge of having raped defendant's wife. The court was apprised of Bonilla's harassment and annoyance of the defendant as a consequence of the arrest of Bonilla's friend. Defendant had complained to the police about the deceased's harassment and threats.

The statements of defendant and his counsel differed substantially from the prosecutor's version of the crime, to the effect that shortly before the shooting, defendant had sent a friend to an apartment on an upper floor of the building in which defendant was employed as a superintendent, to lure the deceased down to defendant's floor; that defendant then called Bonilla by a vile name, shot him and dragged him by his hair into defendant's apartment where defendant then fired three more shots into him.

Obviously, the prosecutor's version was considerably at variance with defendant's, and what the court did on sentence was to resolve the inconsistencies by deciding that Bonilla had not harassed the defendant and that defendant had requested a friend to go to the apartment, where Bonilla was, for other than a peaceful purpose. Moreover, the court indicated that it had concluded that defendant had changed his plea because defendant's friend had been located and was prepared to testify that the defendant had requested the friend to call Bonilla downstairs.

The resolution of the inconsistencies in the versions of the occurrence was of course not within the province of the court. Those were questions for a jury to decide in determining defendant's guilt or innocence unless there was the interposition of a valid plea of guilt. In this case, to constitute a valid plea of guilty to the crime of murder, second degree, the elements constituting that crime must be found in defendant's admissions and not from inferences the court draws from extraneous sources to supply any necessary element in the crime that may be absent in defendant's admissions. As I read this record the defendant's answers lack an admission that he formed a design to kill Bonilla. Therefore it does not sustain the judgment of conviction herein.

"After a plea to a lesser crime has been accepted, the factual basis of the crime confessed can ordinarily be found only in the language of the plea." (*People* v. *Griffin*, 7 N Y 2d 511, 516.) Of course, this is so unless the court questions the defendant for the purpose of obtaining admissions from him concerning the details of the crime to which he is admitting his guilt. In such a case the answers elicited must include all the elements of the crime, otherwise the plea on its face is invalid and any judgment thereon may not stand. When a court institutes an inquiry concerning the facts, the presumption of innocence continues until the defendant admits facts which furnish the elements of the crime to which he is tendering a guilty plea. A defendant's recitation of the circumstances of the commission of the crime must leave no reasonable doubt as to his guilt of the crime to which he is pleading guilty. If the defendant by his statement shows the absence of any essential elements of the crime, they may

not be presumed by the court or found to exist from any source other than from the lips of the defendant.

In *People* v. *Morales* (17 A D 2d 999) the court, in an analogous situation, said: "Moreover, a Judge should not allow a plea to stand without some further inquiry and resolution of the conflict when at the same time a defendant has entered a plea of guilty he states in answer to the statutory question as to why sentence should not be pronounced that he is 'not guilty'."

Before the revival of the ancient writ of error *coram nobis*, when a defendant pleaded guilty to a lesser degree of crime than the one charged in the indictment, the court simply accepted it without further inquiry of the defendant as to the circumstances of the plea and the crime. As the basis for *coram nobis* by decisional law expanded, the courts, before taking a plea to a lesser degree of crime, made inquiry on these subjects. With the passage of time, these inquiries have become more and more detailed so that today a defendant is asked to specify the circumstances of the crime. When these circumstances do not spell out the crime to which the plea is offered, there cannot be a valid guilty plea. When such a situation occurs, the court is not without remedy — the plea should be refused, and if a trial has been interrupted to take the plea, the trial should be continued; otherwise the defendant should be ordered to stand trial. In this case, the plea should have been refused and the trial continued.

On the record herein, because of the absence of an admission of the design to kill, it was error to permit defendant's plea to stand and the judgment entered thereon should be vacated. The information elicited from defendant by the court demonstrated an irreconcilable inconsistency between those facts and the essential elements of the crime of murder, second degree, to which the guilty plea was offered. The effect of it was the same as if the defendant had said, "I am innocent of the crime of murder second degree but I plead guilty to that crime." Under the circumstances the plea should not have been accepted or should have been vacated.

I, therefore, dissent and would reverse the judgment and vacate the plea of guilty and remand the case for trial upon the indictment.

Rabin, J. P., McNally, Steuer and Bastow, JJ., concur with decision; Valente, J., dissents and votes to reverse in opinion.

Judgment of conviction affirmed.